## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| DAVID R. BERMELE | ) | No. 07 B 17572 |
| MARIE BERMELE | ) | |
| Debtors. | ) | |
| _____ | ) | |
| STAGE WEST EXPRESS, INC. | ) | |
| Plaintiff, | ) | |
| vs. | ) | Ad. No. 07 1290 |
| | ) | |
| DAVID R.BERMELE, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION
## ON DEFENDANT'S MOTION TO DISMISS COMPLAINT
## PURSUANT TO F.R.Civ.P. 9(b) AND PURSUANT TO F.R.Civ.P. 12(b)(6)

This proceeding relates to the Chapter 7 bankruptcy case filed by David R. Bermele

("Debtor"). Stage West Express, Inc. ("Plaintiff") filed this Adversary Complaint objecting to

dischargeability of a debt under 11 U.S.C. § 523(a)(4) as a debt allegedly arising from defalcation

while acting in a fiduciary capacity. The Debtor/Defendant Bermele ("Debtor") moved to

dismiss the Complaint pursuant to Rules 8, 9(b) and 12(b)(6) Fed. R. Civ. P. (applicable to this

proceeding through Rules 7008, 7009 and 7012 Fed. R. Bankr. P.).

For the reasons set forth below the Motion to Dismiss is denied.

### JURISDICTION AND VENUE

This Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334. The

case has been referred to this Court under Internal Operating Procedure 15(a) of the United States

District Court for the Northern District of Illinois. This matter is a core proceeding under

28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. § 1409(a).

## ALLEGATIONS OF THE COMPLAINT

In addressing the motion to dismiss, all well-pleaded factual allegations are assumed true

and all inferences are made in favor of the plaintiff. *See Gorski v. Troy*, 929 F.2d 1183, 1186

(7th Cir. 1991). The Plaintiff alleges in the complaint that it is a Canadian corporation

authorized to do business in the United States and Canada. (Compl. ¶ 3). The Debtor was a

stockholder and officer of Parcel Logistics International, Inc. ("Parcel Logistics"), an Illinois

corporation, before Parcel Logistics was involuntarily dissolved August 1, 2005. (Compl.

¶¶ 4 & 5).

After August 1, 2005, several shippers including RR Donnelley Logistics, RR Donnelley

& Sons, Comag Marketing, Conde Nast Publications, Lovejoy, Inc., and Warner Publisher

Services ("Shippers") hired the Debtor and Parcel Logistics to procure trucking services to

transport certain cargo and freight. (Compl. ¶ 6). The Shippers paid the Debtor and Parcel

Logistics for their brokering services and also entrusted them with monies in excess of $78,000.

(Compl. ¶ 7). The Shippers intended the Debtor and Parcel Logistics to hold the monies in trust

until the cargo had been delivered. (Compl. ¶ 7). Upon delivery, the Shippers intended the

Debtor and Parcel Logistics to pay the monies to the trucking service that had delivered the

cargo. (Compl. ¶ 7). The intention to create an express trust was manifested by the words and

actions of the Shippers. (Compl. ¶ 8). Alternatively, the Plaintiff alleges that the Shippers

delivered the monies to the Debtor and Parcel Logistics with the intention that the Debtor and

2

Parcel Logistics pay the monies upon delivery to the trucking service delivering the cargo, thus

creating an implied trust. (Compl. ¶ 9).

After August 1, 2005, at the request of the Debtor and Parcel Logistics, the Plaintiff

transported the Shippers' cargo. (Compl. ¶ 10). The Plaintiff performed all required of it under

its agreement with the Debtor and Parcel Logistics. (Compl. ¶ 11). The Debtor, as trustee of the

monies, held the monies as a fiduciary of the Plaintiff, who transported the cargo. (Compl. ¶ 12).

As a result of the services that the Plaintiff provided to the Debtor and Parcel Logistics, the

Plaintiff is entitled to be paid $78,000. (Compl. ¶ 15). The Debtor and Parcel Logistics have

failed to account to the Plaintiff for the $78,000 due and owing for the Plaintiff's services.

(Compl. ¶ 16). The Plaintiff alleges that the Debtor is therefore in debt to the Plaintiff for

"defalcation" while acting in a fiduciary capacity in the amount of $78,000. (Compl. ¶ 17).

## DISCUSSION

The Debtor first argues that the Plaintiff must plead a claim under § 523(a)(4) with

particularity under Rule 9(b) Fed. R. Civ. P. [Rule 7009 Fed. R. Bankr. P.]. In the alternative, if

Rule 9 does not apply to the Complaint, the Debtor argues that the Complaint fails to meet the

pleading requirements of Rule 8 Fed. R. Civ. P. [Rule 7008 Fed. R. Bankr. P.].

Under Rule 12(b)(6) Fed. R. Civ. P. [Rule 7012 Fed. R. Bankr. P.], a motion to dismiss

tests the sufficiency of the Complaint rather than the merits of the case. *Gibson v. City of

Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). All well-pleaded allegations of the Complaint are

assumed true and read in the light most favorably to the plaintiff. *United Indep. Flight Officers

v. United Air Lines*, 756 F.2d 1262, 1264 (7th Cir. 1985). If the Complaint contains allegations

from which a trier of fact may reasonably infer evidence as to necessary elements of proof

3

available for trial, dismissal is improper. *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund*, 25 F.3d 417, 421 (7th Cir. 1994).

### Rule 9

The Debtor first asserts that the heightened pleading requirement of Rule 9(b) applies to the Complaint for a determination of nondischargeability of debt under 11 U.S.C. § 523(a)(4). While Debtor acknowledges that the Plaintiff seeks nondischargeability of a debt based on a defalcation while acting in a fiduciary capacity rather than on an assertion of fraud, the Debtor argues that the Complaint "sounds in fraud." Therefore, the Debtor reasons that Rule 9(b) should apply to the allegations, and argues that the Complaint fails to satisfy the heightened pleading requirement and should be dismissed for failure to state a claim under Rule 12(b)(6). The Plaintiff responds that Rule 9(b) applies only to averments of fraud and that the Complaint contains no averments of fraud, only averments of defalcation. Thus, the Plaintiff argues that Rule 9(b) does not apply to the allegations of its Complaint.

Rule 9(b) Fed.R.Civ.P. states that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. PRO. 9(b). This requirement insures that defendants have fair notice of a plaintiff's fraud claims and grounds, providing defendants an opportunity to frame their answers and defenses. *Reshal Assocs., Inc. v Long Grove Trading Co.*, 754 F. Supp. 1226, 1230 (N.D. Ill. 1990). A Seventh Circuit panel has stated, "Rule 9(b) applies to 'averments of fraud,' not claims of fraud, so whether the rule applies will depend on the plaintiffs' factual allegations." *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). The opinion continued, "[a] claim that 'sounds in fraud' -- in

4

other words, one that is premised upon a course of fraudulent conduct -- can implicate Rule 9(b)'s heightened pleading requirements." *Id.*

The Debtor cites a number of cases in support of his proposition that Rule 9(b) applies to pleadings for relief under § 523(a)(4). In every case the Debtor cited addressing Rule 9, however, the pleadings identified some form of fraudulent behavior. *See Borsellino*, 477 F.3d at 507 (finding that the complaint alleged "a pattern of fraud" and a conspiracy of "defrauding Plaintiff into abandoning his interest"); *Matrix IV, Inc. V. Am. Nat'l Bank and Trust Co. of Chicago (In re S.M. Acquisition Co.)*, No. 05 C 7076, 2006 WL 2290990, at *3 (N.D. Ill. Aug. 7, 2006) (alleging that the defendant "engaged in concerted fraudulent conduct"); *Illinois v. Volpert (In re Volpert)*, 175 B.R. 247, 253 (Bankr. N.D. Ill. 1994) (stating allegations that the debtor "worked an alleged fraud or deceit on purchasers of the securities"); *Troost v. Kitchin (In re Kitchin)*, 327 B.R. 337, 344 (Bankr. N.D. Ill. 2005) (stating that the complaint "alleged that the Debtor engaged in a scheme to defraud Troost in the sale of the Mokena Properties"); *Sharp Int'l Corp. v. State St. Bank and Trust Co. (In re Sharp Int'l Corp.)*, 302 B.R. 760, 764 (E.D.N.Y. 2003) (saying "[t]his adversary proceeding arises out of a massive fraud against Sharp and its creditors"). The Debtor has not cited any case in his brief which applied the heightened pleading requirement of Rule 9(b) to allegations of a defalcation under § 523(a)(4) which were not coupled with a fraud claim.

It must be determined whether the Plaintiff's factual allegations in support of its claim here contain any 'averments of fraud' or if the claim 'sounds in fraud.' The Plaintiff alleges that the Debtor is in debt to the Plaintiff for defalcation while acting in a fiduciary capacity in the amount of $78,000. (Compl. ¶ 17). The term "defalcation" has not been precisely defined. *The*

*Law Firm of Wendy R. Morgan v. LeRoy (In re LeRoy)*, 251 B.R. 490, 500 (Bankr. N.D. Ill.

2000). However, precedent requires that a defalcation be more than mere negligent behavior but

less than intentionally fraudulent behavior. *Id.* Therefore, the Plaintiff's allegation in paragraph

17 that the Debtor is in debt to the Plaintiff for defalcation is not an averment of fraud, but an

averment of some behavior that is less culpable than fraud.

Plaintiff alleges that the Shippers entrusted the Debtor and Parcel Logistics with monies

intended to be held in trust, and those monies were to be paid to a trucking service after the

trucking service delivered the Shippers' cargo. (Compl. ¶ 6). The Plaintiff was the trucking

service that delivered the Shippers' cargo. (Compl. ¶ 10). The Debtor and Parcel Logistics,

however, "recklessly failed to account" to the Plaintiff for the monies due and owing for its

services. (Compl. ¶ 16). None of these allegations suggest that the Debtor engaged in any

fraudulent conduct. At no point does the Plaintiff allege that the Debtor made any false

statements, fraudulent misrepresentations, or otherwise engaged in deceptive behavior. Thus, the

Plaintiff's complaint does not contain any 'averments of fraud' or 'sound in fraud.' The

heightened pleading requirement of Rule 9(b) does not apply to this Complaint. The Debtor's

argument that the Complaint should be dismissed for failure to plead with particularity under

Rule 9(b) is without merit.

### Rule 8

Second, the Debtor argues that the Plaintiff's complaint fails to state a claim upon which

relief can be granted, even under the pleading requirements of Rule 8 Fed. R. Civ. P. He

contends that the Complaint is devoid of facts establishing a fiduciary duty. He argues that the

allegation of an express trust is conclusory, that there is no allegation that the Debtor agreed to be

6

a trustee, and that there is no allegation identifying how the trust <u>res</u> would be held.

Additionally, the Debtor argues that the allegation in paragraph 9 of implied trust is insufficient because the Plaintiff has not identified a specific fund or property invested.[1]

Plaintiff argues that its Complaint gives the Debtor fair notice of the grounds of the Plaintiff's claim. It asserts that facts were pleaded establishing the elements of a claim under § 523(a)(4), including the elements of an express trust and an implied trust. Thus, Plaintiff asserts that its Complaint complies with the requirements of Rule 8.

Rule 8(a)(2) Fed. R. Civ. P . generally requires the pleader to provide "a short and plain statement of the claim showing that the plaintiff is entitled to relief,"
giving the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. at 47 (1957)). A complaint need not contain detailed factual allegations, but "the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (internal quotations omitted). Factual allegations must show that the right to relief is more than speculative. *Id.* at 1965.

Prior to *Bell Atlantic*, the Supreme Court opinion in *Conley v. Gibson*, 355 U.S. at 47, stated that the purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." That was the "notice pleading" standard, as it came to be called. It also became the accepted rule that a Rule 12(b)(6) motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in

---

[1]The Debtor also objects to the allegation of an implied trust to the extent if any that the Plaintiff is asserting a constructive trust. However, Plaintiff's brief clearly says that it is not alleging a constructive trust, so the legal issues for such a trust need not be discussed.

support of his claim which would entitle him to relief." *Id.* at 45-46. *Bell Atlantic* rejected the

"no set of facts" concept, saying that it has been "questioned, criticized, and explained away long

enough . . ." and "is best forgotten as an incomplete, negative gloss on an accepted pleading

standard . . .." *Bell Atlantic Corp.*, 127 S. Ct. at 1969. Instead, a complaint must at least have

factual allegations that show a right to relief above the speculative level, id. at 1969 (citations

omitted), and "state a claim to relief that is plausible on its face." *Id.* at 1974. However, the

opinion made clear that it has not abandoned "notice pleading" insofar as "we do not require

heightened fact pleading of specifics." *Id.*; see also *Erickson v. Pardus*, 127 S. Ct. 2197, 2200

(2007). Recent Seventh Circuit opinions interpreting *Bell Atlantic* and *Erickson* interpreted those

decisions as saying "only that at some point the factual detail in a complaint may be so sketchy

that the complaint does not provide the type of notice of the claim to which the defendant is

entitled under *Rule 8*." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663,

667 (7th Cir. 2007).

 The Complaint objects to discharge of a debt under 11 U.S.C. § 523(a)(4) which states:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title
> does not discharge an individual debtor from any debt–
>
> >      .        .        .        .
>
> > (4) for fraud or defalcation while acting in a fiduciary capacity,
> > embezzlement, or larceny[.]

11 U.S.C. § 523(a)(4). The Plaintiff asserts that the debt arose from a defalcation while acting in

a fiduciary capacity. To state such a claim under § 523(a)(4), a plaintiff need only give notice of

claims as to: (1) the existence of an express trust or other fiduciary relationship; and (2) a debt

caused by the debtor's defalcation while acting as a fiduciary to the plaintiff. *Volpert*, 175 B.R.

at 259; *LeRoy*, 251 B.R. at 499.

8

To succeed, the Plaintiff must prove an express trust or other fiduciary relationship. The trust or fiduciary relationship must exist independent of the debtor's wrong. *In re Marchiando*, 13 F.3d 1111, 1115 (7th Cir. 1994). The existence of a trust or fiduciary relationship under § 523(a)(4) is a question of federal law. *In re Frain*, 230 F.3d 1014, 1017 (7th Cir. 2000). Courts may consider state law, however, in determining whether there is a trust or fiduciary relationship under § 523(a)(4). *Volpert*, 175 B.R. at 260.

Under Illinois law, a trust is a "fiduciary relationship with respect to property, subjecting the person by whom the title to the property is held to equitable duties to deal with the property for the benefit of another person, which arises as a result of a manifestation of an intention to create it." *Eychaner v. Gross*, 202 Ill. 2d 228, 253, 779 N.E.2d 1115, 1131 (Ill. 2002) (quoting RESTATEMENT (SECOND) OF TRUSTS § 2 (1959)). In Illinois, the elements of an express trust are: (1) intent of the parties to create a trust; (2) a definite subject matter or trust property; (3) ascertainable beneficiaries; (4) a trustee; (5) specifications of a trust purpose; and (6) delivery of the trust property to the trustee. *Id.*; *Leroy*, 251 B.R. at 500.

The Plaintiff must also prove that the Debtor has incurred a debt caused by the Debtor's defalcation while acting as a fiduciary to the Plaintiff. The Bankruptcy Code defines a debt as liability on a claim. 11 U.S.C. § 101(12). As previously discussed, a defalcation is tortious conduct that is more culpable than mere negligence but less culpable than intentional fraud. *Leroy*, 251 B.R. at 500. Defalcation is determined on an objective standard; neither intent nor bad faith is required. *Id.* at 500-501.

Turning to Plaintiff's allegations, the Plaintiff has sufficiently pleaded to give notice of its claim under § 523(a)(4) of an express trust. First, the Plaintiff alleges that the words and actions

9

of the Shippers manifested an intention to create a trust. (Compl. ¶ 8). Next, the Plaintiff alleges

that the Shippers entrusted the Debtor and Parcel Logistics with monies in excess of $78,000.

(Compl. ¶ 7). The monies were to be paid to the trucking service that delivered the Shippers'

cargo, that trucking service being the Plaintiff. (Compl. ¶¶ 7 & 10). The Shippers intended the

Debtor and Parcel Logistics to hold the monies in trust until the Shippers' cargo was delivered.

(Compl. ¶ 7). The purpose of the Debtor and Parcel Logistics holding the monies in trust was to

pay the trucking service after the Shippers' cargo had been delivered. (Compl. ¶ 7). Finally, the

Plaintiff alleges that the Shippers paid the Debtor and Parcel Logistics the $78,000 monies as

well as a fee for their brokering services. (Compl. ¶ 7). Therefore, the Plaintiff has plead all of

the elements of an express trust even though he is not required to give such detailed pleading.

The Debtor's argument that the Plaintiff has failed to plead the elements of an express trust is

rejected because all elements need not be pleaded under federal notice pleading and ample notice

of the claim was given. The Debtor's argument that the Plaintiff has failed to identify trust

property of an implied trust is also rejected because the Plaintiff has pleaded that the $78,000

deposit constituted the trust property.

As to claim of breach of fiduciary relationship, the Plaintiff's claim, the Plaintiff must

give notice of its claims that the Debtor incurred a debt caused by a defalcation while acting as a

fiduciary to the Plaintiff. The Plaintiff alleged that it transported the Shippers' cargo and

performed all that was required of it in its agreement with the Debtor and Parcel Logistics.

(Compl. ¶¶ 10 & 11). As a result of the services that Plaintiff provided to the Debtor and Parcel

Logistics, it is claimed that Plaintiff is entitled to be paid $78,000, (Compl. ¶ 15), but Debtor and

Parcel Logistics, have failed to account to the Plaintiff for the $78,000 monies deposited to pay

10

for the Plaintiff's services.  (Compl. ¶ 16).  It is alleged that the Shippers intended the Debtor and

Parcel Logistics to pay to the Plaintiff the $78,000 entrusted to them after the Plaintiff delivered

the Shippers' cargo. (Compl. ¶ 7).  The Plaintiff gave ample notice of its claim of breached

fiduciary relationship.

## CONCLUSION

The Complaint contains enough detail to give the Debtor fair notice of the claim alleged

against him and states a claim for relief that is plausible on its face under Rule 8.  If the Debtor

needs more detailed information concerning the claim against him, he can avail himself of

discovery procedures.

For the foregoing reasons, the Debtor's motion to dismiss pursuant to Rule 9(b) and

pursuant to Rule 12(b)(6) is by separate order denied.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ____ day of April 2008.

11